UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | CR. 10-40004-02 |
| Plaintiff, | * | |
| vs. | * | ORDER ON MOTIONS |
| VANG SOMSAWAT, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**Defendant's Motion for Bill of Particulars ([Doc. 31](Doc. 31)):**

In this criminal case, Defendant is charged in the Second Superseding Indictment with conspiracy to possess and distribute 500 grams or more of methamphetamine, in violation of [21 U.S.C. §§ 841(a)(1) and 846.](21 U.S.C. §§ 841(a)(1) and 846.) Defendant moves for a bill of particulars pursuant to [Fed. R. Crim. P. 7(f)](Fed. R. Crim. P. 7(f)). That rule states:

> **Rule 7. The Indictment and the Information**
>
> **(f) Bill of Particulars.** The court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires.

Defendant requests a bill of particulars to include (1) the names and addresses of any witnesses to the crime; (2) the times and locations of the alleged crime; (3) names of confidential informants and sources of information; and (4) details of the conspiracy including when, where, what acts and the persons involved.

In his brief defense counsel for Defendant asserts the discovery produced thus far does not support the alleged drug amounts and alleges the government has made a blanket accusation of conspiracy so as to try to link together a number of defendants in the hope of securing a mass conviction.

The government objects to the motion and notes the Second Superseding Indictment sets forth a complete description of the crime charged against defendant and states when and where the

defendant committed the offense. Further, the government represented it has provided defendant with extensive discovery which will inform defendant of the specific details of the crime alleged in the indictment.

The Second Superseding Indictment is a single count drug conspiracy charge and alleges:

> From on or about the summer of 2008, and continuing through the date of this indictment, in the District of South Dakota and elsewhere, Viengxay Chantharath, a/k/a "OG," Vang Somsawat, Jeffrey Arthur Kriz, Mario Maldonado, a/k/a "Marco," Aurelio Angel Solorio, a/k/a "Angel," and Patricio Guzman-Ortiz, did knowingly and intentionally combine, conspire, confederate, and agree together, with others known and unknown to the Grand Jury, to knowingly and intentionally distribute 500 grams or more of a mixture and substance containing methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 846.

Under Rule 7(f) of the Federal Rules of Criminal Procedure, it is within the sound discretion of the court to determine whether a bill of particulars should be provided, and the Court should grant the motion if necessary to prevent unfair surprise at trial. *United States v. Maull*, 806 F.2d 1340, 1345 (8th Cir. 1986). *See also, United States v. Butler*, 822 F.2d 1191, 1193-94 (D.C.Cir.1987). The court must strike a "prudent balance" between the legitimate interest of the government and the defendant. *United States v. MacFarlane*, 759 F.Supp. 1163, 1169 (W.D.Pa.1991). A bill of particulars is not a discovery tool or a device for allowing the defense to preview the Government's theories or evidence. *United States v. Hester,* 917 F.2d 1083, 1084 (8th Cir. 1990). A bill of particulars properly includes clarification of the indictment, not the government's proof of its case. *United States v. Smith,* 341 F.Supp. 687, 690 (N.D.Ga.1972).

Likewise, acquisition of evidentiary detail in the form of the exact times of the acts alleged in the indictment for purposes of establishing an alibi is not the function of a bill of particulars. *United States v. Long,* 449 F.2d 288, 294-95 (8th Cir. 1971). Defendant moves the court for a bill of particulars to provide several specific items of information regarding the charge contained in the Second Superseding Indictment. He seeks specific dates and times of the acts he allegedly committed in furtherance of the conspiracy and the identity of the persons with whom he committed the acts. The "whens wheres and with whoms of acts and participation in the charged conspiracy" is not properly the function of a bill of particulars. *United States v. Jiminez*, 824 F.Supp. 351, 365 (S.D.N.Y. 1993).

Unlike the general federal conspiracy statute, *see* 18 U.S.C. § 371, the conspiracy provision of the Controlled Substances Act does not require an indictment to recite any overt acts taken in furtherance of the conspiracy. 21 U.S.C. § 846; *see United States v. Covos*, 872 F.2d 805, 810 (8th Cir. 1988); *United States v. Dempsey*, 806 F.2d 766, 769 (7th Cir.1986); *United States v. Sweeney*, 688 F.2d 1131, 1140 (7th Cir.1982). In fact, the Supreme Court has held that proof of "the commission of any overt acts in furtherance of the conspiracy" is not even required for a *conviction* under 21 U.S.C. § 846. *United States v. Shabani,* 513 U.S. 10, 15, 115 S.Ct. 382, 130 L.Ed.2d 225 (1994). Thus, an indictment under 21 U.S.C. § 846 is sufficient if it alleges "a conspiracy to distribute drugs, the time during which the conspiracy was operative and the statute allegedly violated, even if it fails to allege any specific act in furtherance of the conspiracy." *United States v. Sweeney,* 688 F.2d at 1140. The Second Superseding Indictment in this case meets these standards and identifies the geographic location, the dates, and the elements of the offense sufficiently to fairly inform defendant of the charge and to enable him to sufficiently describe the conviction to avoid double jeopardy. *See, also, United States v. Hong,* 545 F.Supp.2d 281 (W.D. N.Y. 2008) and *United States v. Johnson,* 225 F.Supp.2d 982 (N.D. Iowa 2002).

The Second Superseding Indictment does not specially allege or quantify the exact amount of controlled substances the government attributes to the Defendant's own actions, the actions of those he aided and abetted, and the reasonably foreseeable actions of others. The information set forth in the Second Superseding Indictment, along with the extensive discovery provided to-date, are however, sufficient for the preparation of a defense. *See United States v. Stephenson,* 924 F.2d 753, 762 (8th Cir. 1991). Because the United States has represented to the Court that it has supplied extensive discovery and because the Second Superseding Indictment in this case provides the Defendant with the essence of the charges against him, the Defendant has not shown that a Bill of Particulars is necessary to prevent unfair surprise at trial. The Motion for Bill of Particulars is DENIED.

**Defendant's Motion for Severance (Doc. 86)**

In this criminal case, Defendant is charged in the Second Superseding Indictment with conspiracy to possess and distribute 500 grams or more of methamphetamine, in violation of 21

U.S.C. §§ 841(a)(1) and 846. Defendant is one of six individuals charged in this case. Defendant moves for a separate trial pursuant to Fed. R. Crim. P. 14. That rule provides in relevant part:

> **Rule 14. Relief from Prejudicial Joinder**
> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Defendant asserts he would be prejudiced by a joint trial with his co-defendants because: (1) his defense is irreconcilable with the defense of the codefendants; and (2) the jury will not be able to compartmentalize the evidence as it relates to separate defendants. Neither of the proffered reasons provides a basis upon which severance may be granted in this case.

Fed. R. Crim. P. 8(b) provides that two or more defendants may be charged in the same indictment "if they are alleged to have participated in the same act or transaction or the same series of acts or transactions constituting an offense or offenses." "In ruling on a motion for severance, a court must weigh the inconvenience and expense of separate trials against the prejudice resulting from a joint trial of co-defendants. To grant a motion for severance, the necessary prejudice must be severe or compelling. This is because a joint trial gives the jury the best perspective on all of the evidence and therefore, increases the likelihood of a correct outcome." *United States v. Pherigo*, 327 F.3d 690, 693 (8th Cir. 2003).

"Persons charged with a conspiracy will generally be tried together, especially where proof of the charges against each of the defendants is based on the same evidence and acts. Rarely, if ever, will it be improper for co-conspirators to be tried together." *United States v. Kime*, 99 F.3d 879, 880 (8th Cir. 1996).

Defendant asserts his trial should be severed because the jury will be unable to compartmentalize the evidence against him from the evidence against his co-defendants. He asserts the evidence is much stronger against his co-defendants. In *United States v. Kime* 99 F.3d 879, 880 (8th Cir. 1996), the defendant argued he was "unfairly tarred" by the spillover effect from the "vast majority" of evidence which was admissible only against his co-defendant. The Eighth Circuit held that severance was not warranted. "To justify severance, the defendant must show more than the mere fact that his or her chances for acquittal would have been better had he been tried separately

. . . Mere disparity of evidence against co-defendants or the alleged prejudicial spillover effect of evidence against a co-defendant are not grounds for severance absent a showing the jury will be unable to compartmentalize the evidence against each individual defendant." *Id.* at 880. Factors bearing on whether the jury will be able to compartmentalize the evidence are the length and expected complexity of the trial. *Id.* In this case, there are six defendants charged in a Second Superseding Indictment which contains a single charge –conspiracy to distribute 500 grams or more of methamphetamine. "Any risk of prejudice [may be] reduced by the district court's instructions, which [should direct] the jury to consider each offense and its supporting evidence separately, and to analyze the evidence with respect to each individual without considering evidence admitted solely against other defendants." *United States v. Mathison*, 157 F.3d 541, 546 (8th Cir. 1998) (citations omitted). *See also United States v. Moore*, 149 F.3d 773, 778 (8th Cir. 1998) (risk that jurors would not be able to compartmentalize evidence against various defendants was minimized by court's ongoing limiting instructions); *United States v. Flores*, 362 F.3d 1030 (8th Cir. 2004) (no requirement in a joint trial that the quantum evidence of each defendant's culpability be equal; district court properly instructed jury and no evidence jury was unable to compartmentalize evidence against each defendant). Defendant has not shown that the alleged disparity of evidence between himself and the other defendants will prevent him from receiving a fair trial in this matter. While there are six defendants in the case, there is a single count in the Second Superseding Indictment, and he is free to request appropriate limiting instructions from the District Court.

## ORDER

It is hereby ORDERED that:

1. Defendant's Motion for Bill of Particulars (Doc. 31) is DENIED;
2. Defendant's Motion to Sever (Doc. 86) is DENIED.

Dated this 4th day of May, 2010.

BY THE COURT:

s/John E. Simko
_____
John E. Simko
United States Magistrate Judge